IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS (KANSAS CITY DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA,  }<br>             Plaintiff,      }<br>                              }<br>    vs.                       }<br>                              }<br>JAKEL J.M. WEBSTER,           }<br>             Defendant.      } | Case No. 2:20-cr-20040--JAR-1 |

## MOTION TO DISMISS COUNT 2 OF THE INDICTMENT

Jakel Webster respectfully moves this Court to dismiss Count Two of the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) because it fails to state an offense. Specifically, Count Two, which charges Mr. Webster with discharging a firearm during a crime of violence, fails to state an offense because attempted robbery under 18 U.S.C. § 1951 does not categorically qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

**A. Procedural Background**

In July 2020, a federal grand jury returned a four-count indictment against Mr. Webster and a codefendant (Jorden Brownlee), charging both defendants with, *inter alia*: attempted robbery of a Quick Shop store in Kansas City, Kansas, in April 2020, in violation of 18 U.S.C. § 1951 (Count One); and discharging a firearm during and in relation to the attempted robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). D.E.9.[1]

---

[1] The first two counts also charge the defendants with aiding and abetting the substantive offenses. D.E.9 at 1-2 (citing 18 U.S.C. § 2). But the aiding-and-abetting allegations are irrelevant for

1

Mr. Webster was arrested in June 2020, and he has been in pretrial detention since that time. D.E.2, 7. After three ends-of-justice continuances, D.E.21, 23, 25, this Court set a motions deadline for February 19, 2021, D.E.25. This timely motion to dismiss follows.

**B. Discussion**

Under Rule 12(b)(1), this Court is authorized to rule on any motion "that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12 permits pretrial resolution of a motion to dismiss the indictment when a "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969); *see also United States v. Knox*, 396 U.S. 77, 83, 83 n.7 (1969). And Rule 12(b)(3)(B)(v) expressly permits this Court to dismiss a charge in an indictment that "fail[s] to state an offense."

"Whether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law." *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014). It is thus a question for this Court, and not for the jury. *Id.* at 1035. And because it is not a jury issue, Rule 12(b) authorizes this Court to answer the question pretrial. Fed. R. Crim. P. 12(b)(1). For the following reasons, this Court should dismiss Count Two because attempted robbery under § 1951(a) is not a crime of violence under § 924(c)(3)(A). In Rule 12 terms, Count Two fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v).

---

purposes of this motion, so we do not mention them again. Mr. Webster was charged in two additional gun-related counts. Those counts are also irrelevant for purposes of this motion.

1. **Attempted robbery under § 1951(a) is not a crime of violence under § 924(c)(3)(A).**

Section 924(c) is an odd statute. It is not a recidivist sentencing statute, but instead sets forth a substantive offense. *United States v. Davis*, 139 S. Ct. 2319, 2327 (2019) ("a § 924(c) prosecution focuses on the conduct with which the defendant is *currently charged*"). In the context of this case, § 924(c) generally prohibits the discharge of a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A)(iii). A crime of violence is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In order to convict, the government must "prove to a jury that the defendant committed all the acts necessary to punish him for the underlying crime of violence." *Davis*, 139 S.Ct. at 2327. But again, whether that underlying offense qualifies as a crime of violence is a question of law for the Court, and not for the jury. *Morgan*, 748 F.3d at 1034-1035. And for that reason, a court analyzes that question in the same way that it analyzes a recidivist sentencing statute: via the categorical approach. *Davis*, 139 S.Ct. at 2331.

Under the categorical approach, this Court examines "the legal elements of the crime," and does not "explor[e] [] the underlying facts." *Morgan*, 748 F.3d at 1034. Whether a defendant has committed a crime of violence under § 924(c)(3)(A) "turns not on whether the Defendant[] committed violent acts, but whether the offense itself is a crime of violence." *Id.* at 1035. The categorical approach is a two-step inquiry. First, this Court identifies the statute's elements. *United States v. Kendall*,

876 F.3d 1264, 1268 (10th Cir. 2017). "'Elements' are the 'constituent parts of a crime's legal definition-the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016)). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* At this first step, if the underlying offense does not have "an element the use, attempted use, or threatened use of physical force against the person or property of another," then it cannot qualify as a crime of violence under § 924(c)(3)(A)'s plain terms. *See Mathis*, 136 S.Ct. at 2251 ("the mismatch of elements saves the defendant").

But if the underlying offense has a force element, this Court then "compare[s] the scope of conduct covered by the elements of the crime with § 924(c)(3)(A)'s definition of crime of violence." *United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019) (cleaned up). This second step is necessary because not all force elements qualify as "an element of physical force." "[T]he word 'force' as used in § 924(c)(3)(A) means 'violent force,'" "that is, force capable of causing physical pain or injury to another person." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018). In determining whether an element of force is an element of violent force, this Court must "presume that the conviction rested upon nothing more than the least of the acts criminalized." *Bowen*, 936 F.3d at 1102. This Court identifies the "minimum force required" under the statute and determines "if that force qualifies as violent force." *Id.* at 1103 (quotations omitted). Court decisions interpreting the

4

relevant statute "best indicate" the statute's reach. *United States v. Harris*, 844 F.3d 1260, 1264 (2017).

The underlying offense at issue here is attempted robbery under § 1951(a). An individual violates this statute when he "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts . . . so to do." 18 U.S.C. § 1951(a). The Tenth Circuit has held that a completed robbery offense under § 1951(b)(1) is a crime of violence under § 924(c). *Melgar-Cabrera*, 892 F.3d at 1066. It is an open question in this Circuit whether attempted robbery under § 1951(a) qualifies as a crime of violence as well. For two reasons, the answer is no: (1) attempted robbery under § 1951(a) does not have an element of force; and (2) even assuming attempted robbery has an element of force, it does not have an element of violent force.

### a. Attempted robbery under § 1951(a) does not have a force element.

To prove an attempt crime under § 1951(a), "the government must prove an (1) intent to commit the substantive offense; and (2) the 'commission of an act which constitutes a substantial step towards the commission of the substantive offense.'" *United States v. Vigil*, 523 F.3d 1258, 1267 (10th Cir. 2008); *see also* 10th Cir. Pattern Jury Instruction 1.32. "A substantial step must be something more than mere preparation. It is 'an appreciable fragment of a crime and an action of such substantiality that, unless frustrated, the crime would have occurred.'" *Id.* (citation omitted). Thus, to prove an attempted robbery under § 1951(a), the Government must prove: (1) that the defendant intended to commit a robbery; and (2) took a

5

substantial step towards the commission of the robbery. *See id.*; *see also United States v. Villegas*, 655 F.3d 662, 668 (7th Cir. 2011) ("To prove an attempt, the government had to show only that Villegas acted with specific intent to commit the underlying offense, that is, that he intended to perform a robbery, and took a substantial step toward its completion."); *United States v. Taylor*, 979 F.3d 203, 207 (4th Cir. 2020) (two elements: "(1) the defendant had the culpable intent to commit Hobbs Act robbery; and (2) the defendant took a substantial step toward the completion of Hobbs Act robbery that strongly corroborates the intent to commit the offense").

Neither of these elements are elements of force. The first element – intent to commit a robbery – is a *mens rea* element (not a conduct element). A mens rea element is obviously not an element of force. *Compare* Model Penal Code 2.01 ("Requirement of Voluntary Act"), *with* Model Penal Code 2.02 ("General Requirements of Culpability"). In proving that a defendant intended to commit a robbery, the government need not prove that the defendant did anything (let alone anything via force).

The second element merely requires the government to prove "a substantial step towards the commission of the substantive offense.'" *Vigil*, 523 F.3d at 1267; *see also* 10th Cir. Pattern Jury Instruction 1.32. There is no requirement within § 1951(a) (or anywhere else) that this substantial step involve the use, attempted use, or threatened use of physical force against the person or property of another. After all, this Court does "not require that a defendant be 'on the verge of committing the

6

specific act,' rather, the law 'allows criminal liability to attach at some point prior to the last proximate act.'" *Vigil*, 523 F.3d at 1267. "The fact that further, major steps remain 'before the crime can be completed does not preclude a finding that the steps already undertaken are substantial.'" *United States v. Gordon*, 710 F.3d 1124, 1150 (10th Cir. 2013). And this is because the substantial step need only "strongly corroborat[e]" the defendant's *intent* (not his acts). *United States v. Mendez*, 924 F.3d 1122, 1125 (10th Cir. 2019).

    This result should come as no surprise. The Tenth Circuit has often refused to hold that attempt crimes qualify as violent crimes. *See, e.g.*, *United States v. Deiter*, 890 F.3d 1203, 1214 (10th Cir. 2018) (noting that "conspiracy and attempt crimes . . . are generally not violent felonies because they criminalize mere preparatory conduct"); *United States v. Permenter*, 969 F.2d 911, 915 (10th Cir. 1992) ("the district court's reliance on Mr. Permenter's prior conviction for attempted burglary was improper").[2] Indeed, it is § 924(c)'s residual clause, not its force clause, that would capture attempt crimes. *See United States v. Martinez*, 602 F.3d 1166, 1169 (10th Cir. 2010) ("The Supreme Court has interpreted the residual provision to encompass some attempt offenses."). But the Supreme Court struck down that residual clause as void for vagueness in *Davis*. 139 S.Ct. at 2336. And with the

---

[2] After all, *an omission* (i.e., a failure to act) can qualify as a substantial step. *See, e.g.*, *United States v. Faulkner*, 950 F.3d 670, 676 (10th Cir. 2019) (quoting the Model Penal Code for the proposition that "[a] person is guilty of an attempt to commit a crime if . . . he . . . purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step"). It is incoherent to claim that one can commit a failure to act with force.

7

residual clause gone, an attempt crime, which necessarily does not have an element of force, can no longer count as a crime of violence under § 924(c)(3).

Precedent (discussed below) confirms that a non-forceful substantial step is sufficient to convict a defendant under § 1951(a). An attempted robbery under § 1951(a) simply does not have a force element. That "mismatch of elements saves the defendant." *Mathis*, 136 S.Ct. at 2251; *see also United States v. Wartson*, 772 Fed. Appx. 751, 756 (10th Cir. 2019) (unpublished) (an Oklahoma conspiracy statute did not qualify as a violent crime, despite an "overt act" requirement: "not all qualifying overt acts would categorically require a jury to find beyond a reasonable doubt that a defendant used physical force"); *United States v. Mullins*, 2019 WL 10984254 (D. Kan. Nov. 8, 2019) (Melgren, J.) (unpublished) (accepting the government's concession that conspiracy to commit robbery under § 1951(a) is not a crime of violence under § 924(c)(3)(A)). Because Count Two fails to state an offense, this Court should grant this motion to dismiss.

### b. Even assuming that attempted robbery under § 1951(a) has a force element, it is not an element of violent force.

Attempted § 1951 robbery does not have an element of force. But if this Court disagrees, § 1951(a)'s force element is not one of violent force. This is obvious for three reasons.

First, as mentioned above, this Court identifies the "minimum force required" under the statute and determines "if that force qualifies as violent force." *Bowen*, 936 F.3d at 1103 (quotations omitted). Court decisions interpreting the relevant statute "best indicate" the statute's reach. *Harris*, 844 F.3d at 1264 (2017). And

8

federal courts of appeals have upheld attempted robbery convictions that involved no use, attempted use, or threatened use of physical force whatsoever. *See*, *e.g.*, *United States v. Villegas*, 655 F.3d 662, 669 (7th Cir. 2011); *United States v. Muratovic*, 719 F.3d 809, 816 (7th Cir. 2013).

*Villegas*, for instance, involved a planned armored car robbery between the defendant and a confidential informant. *Id.* at 664. Over several weeks, the two individuals planned the robbery and discussed details, including the potential use of weapons. *Id.* at 669. The actual robbery never occurred, as the defendant was arrested one mile away from the target when meeting the informant on the day of the planned robbery. *Id.* at 664. The Seventh Circuit found the evidence sufficient to prove a substantial step: "Villegas's conduct on the day of his arrest went beyond mere preparation and was 'strongly corroborative of the firmness of [his] criminal intent.'" *Id.* at 669. It was sufficient that the defendant and the informant had a weapon and had discussed using violence during the robbery. *Id.*

*Villegas* plainly shows that an attempted robbery under § 1951(a) can be committed without the use, attempted use, or threatened use of physical force to a person or property of another. *See also* Model Penal Code § 5.01(1)(c) (enumerating examples of conduct that constitute a substantial step, like "possession of materials to be employed in the commission of the crime"); *United States v. Stallworth*, 543 F.2d 1038, 1041 (2d Cir. 1976) (upholding an attempted bank robbery conviction where the defendants "reconnoitered the bank, discussed (on tape) their plan of attack, armed themselves and stole ski masks and surgical gloves," prepared a

9

getaway car, and "moved ominously toward the bank" before being arrested). *Villegas* is reason enough for this Court to grant this motion. *See Bowen*, 936 F.3d at 1103-1105 (holding that federal witness retaliation is not a crime of violence under § 924(c)(3)(A) in light of one unpublished decision from the Sixth Circuit).

Second, a recent Tenth Circuit case – *United States v. Bowen* – further supports our claim that attempted robbery under § 1951 is not a crime of violence. In *Bowen*, the Tenth Circuit held the federal witness-retaliation statute – 18 U.S.C. § 1513(b)(2) – is not a "crime of violence" under § 924(c)(3)(A) because the offense can be committed via nonviolent threats to property. 936 F.3d at 1103-1104. "[P]roperty crimes of violence under § 924(c)(3) are those that require violent force, not merely the force required to damage property." *Id.* Because "property can be damaged without the use of physical force," including by spray painting—or threatening to spray-paint—another's car, the witness retaliation statute is not categorically a "crime of violence." *Id.* 1105-1106. "Nothing about those actions is inherently violent, so the mere fact that they damage property cannot make them crimes of violence under § 924(c)(3)." *Id.* at 1107.

Under *Bowen*, it necessarily follows that attempted § 1951 robbery – which can be committed via the identical nonviolent threats to property – can be committed without the violent force necessary to qualify the offense as a "crime of violence" under § 924(c)(3)(A). The same examples employed by the Tenth Circuit in *Bowen* apply here. An individual could attempt to commit a § 1951 robbery (i.e., could take a substantial step) by threatening to spray paint another's car, pour paint on

10

another's house, or cover another's passport in chocolate. 936 F.3d at 1107. "Nothing about those actions is inherently violent, so the mere fact that they damage property cannot make them crimes of violence under § 924(c)(3)." *Id.* Because conduct that merely damages property is insufficient to qualify as violent force under § 924(c)(3)(A), *Bowen*, 936 F.3d at 1107, and because a defendant can attempt § 1951 robbery by threatening to damage or injure property, *United States v. O'Connor*, 874 F.3d at 1153, 1157 (10th Cir. 2017), attempted § 1951 robbery is not a "crime of violence" under § 924(c)(3)(A).

Third, the Fourth Circuit recently held, in a published decision, that attempted Hobbs Act robbery is categorically not a crime of violence under § 924(c)(3)(A). *Taylor,* 979 F.3d at 208; *but see United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020); *United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 352-53 (11th Cir. 2018). *Taylor*'s reasoning is persuasive.

*Taylor* involved a botched robbery of a drug dealer. 979 F.3d at 205. Taylor and a codefendant planned to steal a drug dealer's money, but the plan derailed after the codefendant, armed with a firearm, demanded the dealer's money. *Id.* As the Fourth Circuit explained, "attempted Hobbs Act robbery does not invariably require the use, attempted use, or threatened use of physical force." *Taylor*, 979 F.3d at 208. The defendant "may case the store that he intends to rob, discuss plans with a coconspirator, and buy weapons to complete the job. But none of this conduct

involves an attempt to use physical force, nor does it involve the use of physical force or the threatened use of physical force." *Id.* at 209.

*Taylor* actually confirms that the Tenth Circuit's decision in *Bowen* comfortably applies to attempted robbery under § 1951. The Fourth Circuit in *Taylor* reasoned, "[t]he substantial step need not be violent," and "[w]here a defendant takes a nonviolent substantial step toward threatening to use physical force," the defendant "has merely *attempted to threaten* to use physical force" and not used, attempted to use, or threatened to use physical force. *Taylor*, 979 F.3d at 208. In other words, because attempted robbery under § 1951 can be committed via nonviolent threats to property, "an attempt to commit that crime falls outside the purview of [§ 924(c)(3)(a)]." *Id.* at 209. Attempted § 1951 robbery, which may be accomplished without violent force, is categorically not a "crime of violence."

## C. Conclusion

For the foregoing reasons, this Court should dismiss Count 2 of the indictment because it fails to state an offense.

Respectfully submitted,

_s/ Tim Burdick_____

TIM BURDICK # 78152
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Telephone (913) 551-6712
Fax: (913) 551-6562
Email: Tim_Burdick@fd.org

12

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Terra Morehead
Assistant United States Attorney
Terra.Morehead@usdoj.gov


            S/Tim Burdick
            Tim Burdick