IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JAKEL J.M. WEBSTER and JORDEN E. BROWNLEE,<br><br>      Defendants. | Case No. 20-20040-JAR-1–2 |

## MEMORANDUM AND ORDER

Defendants Jakel Webster and Jorden Brownlee were charged in a four-count Indictment with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1), and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2).[1]  This matter is before the Court on Webster's Motion to Dismiss Count 2 of the Indictment (Doc. 26).  Brownlee has filed a Motion to Join Co-Defendant Webster's Motion to Dismiss Count 2 of the Indictment (Doc. 27), which the Court grants.  Defendants argue that there is no qualifying predicate offense for Count 2 of the Indictment because attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).  For the reasons discussed below, the Court denies Defendants' joint motion to dismiss Count 2 of the Indictment.

**I.    Procedural History**

On July 1, 2020, a grand jury sitting in the District of Kansas returned a four-count Indictment against Webster and Brownlee, charging both Defendants with attempted Hobbs Act

---

[1] Doc. 9.

1

robbery, in violation of 18 U.S.C. § 1951 (Count 1), and discharging a firearm during and in relation to the attempted robbery charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[2] The Indictment also charged Webster with two additional offenses related to unlawful possession of a firearm.[3] Both Defendants were arrested in mid-2020 and have been in custody since.[4]

On February 19, 2021, Webster filed a Motion to Dismiss Count 2 of the Indictment, and Brownlee moved to join the motion on the same day.[5] In the motion, Defendants contend that the Court should dismiss Count 2 of the Indictment because it charges them with using, brandishing, and discharging a firearm "during and in relation to" attempted Hobbs Act robbery, which they argue is not a qualifying predicate "crime of violence" under § 924(c)(3)(A).[6] First, they contend that attempted Hobbs Act robbery lacks the requisite element of force to be a crime of violence.[7] Defendants identify the two elements of attempted Hobbs Act robbery, namely the specific intent to commit Hobbs Act robbery and the taking of a substantial step in furtherance of that crime, and argue that neither of these elements involves "the use, attempted use, or threatened use of physical force against the person or property of another," as required by § 924(c)(3)(A). Defendants observe that the Tenth Circuit "has often refused to hold that attempt crimes qualify as violent crimes," the constitutionally firm portions of § 924(c) do not

---

[2] Doc. 9.

[3] *Id.* Counts 3 and 4 charged Webster with felon possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation 18 U.S.C. §§ 922(g)(9) and 924(a)(2). *Id.*

[4] Docs. 2, 7, 11, 16.

[5] Docs. 26, 27.

[6] Doc. 26 at 5–6.

[7] *Id.* at 5–8.

encompass attempt crimes, and the "substantial step" required for attempted Hobbs Act robbery can be non-forceful.[8]

Second, Defendants assert that even if attempted Hobbs Act robbery did contain an element of force, that force is not the "violent" force required for predicate crimes of violence.[9] In support, Defendants identify two cases from the Seventh Circuit and one from the Second Circuit in which attempted robbery convictions with no use, attempted use, or threatened use of force occurred.[10] Further, they cite a Tenth Circuit case, *United States v. Bowen*, which held that witness retaliation was not a crime of violence because it could be completed with nonviolent threats to property.[11] Contending that attempted Hobbs Act robbery can also involve nonviolent threats to property, Defendants urge the Court to apply the logic of *Bowen* to the Indictment.[12] Finally, they cite a Fourth Circuit case that explicitly held that attempted Hobbs Act robbery was not a crime of violence under § 924(c).[13]

The government responded, first observing that a majority of the circuit courts that have considered the question have affirmatively determined that attempted Hobbs Act robbery is a § 924(c) crime of violence, including the Third, Sixth, Seventh, Ninth, and Eleventh Circuits.[14]

---

[8] *Id.* at 6–8. The Court notes that the cases Defendants cite for this last point related to non-forceful substantial steps are conspiracy cases, not attempt cases. *See id.* (citing *United States v. Wartson*, 772 F. App'x 751, 756 (10th Cir. 2019) (defendant's predicate offense was conspiracy to shoot with intent to kill, an Oklahoma felony); *United States v. Mullins*, No. 11-102015, 2019 WL 10984254, at *1 (10th Cir. 2019) (defendant's predicate offense was conspiracy to commit Hobbs Act robbery).

[9] *Id.* at 8.

[10] *Id.* at 8–10.

[11] 936 F.3d 1091 (10th Cir. 2019).

[12] *Id.* at 10–11.

[13] *Id.* at 11–12.

[14] Doc. 31 at 1, 13–14. Although the government also cites to cases from the Second and Fifth Circuits, these cases dealt with attempted bank robbery and attempted murder, not Hobbs Act Robbery. *See id.* (first citing *Collier v. United States*, 989 F.3d 212 (2d. Cir. 2021); and then citing *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020)).

The government argued:

> Although not every act constituting an attempt to commit a crime of violence must itself be violent, a person who takes a substantial step toward committing such an inherently violent offense is properly understood to have at least attempted or threatened the use of violent force within the meaning of § 924(c)(3)(A).[15]

In sum, the government argues that any attempt to commit Hobbs Act robbery entails an attempt to use the violent force required to complete Hobbs Act robbery, categorically rendering the inchoate attempt crime a predicate crime of violence.[16]

The Court held a hearing on the motion on March 22, 2021.[17]

## II.    Legal Background

Defendants' motion raises a legal question that is undecided within the Tenth Circuit. Accordingly, some background regarding the Hobbs Act and 18 U.S.C. § 924(c), as well as their intersection in other circuit courts, will be examined before analyzing the matter before the Court.

### A.    Section 924 and the Categorical Approach

Section 924 of Title 18 of the United States Code provides penalties for crimes of violence involving firearms. Section 924(c)(1)(A) states: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be subject to an additional term of years]." Further, in § 924(c)(3), the statute defines "crime of violence" as any offense that:

---

[15] *Id.* at 15.

[16] *Id.* at 16–17.

[17] Doc. 33.

>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Courts call the first clause, § 924(c)(3)(A), the "elements clause," and the second clause, § 924(c)(3)(B), the "residual clause."[18]

The Tenth Circuit uses the "categorical approach" when deciding whether a predicate offense qualifies as a crime of violence under § 924(c)(3)(b), as long as the statute of conviction is indivisible.[19] When a court uses the categorical approach to determine whether the predicate act is a crime of violence, the court looks "only to the fact of conviction and the statutory definition of the prior offense, and do[es] not generally consider the particular facts disclosed by the record of conviction."[20] The Supreme Court has described elements as that which the prosecution necessarily must prove at trial or to which the defendant must plead "to sustain a conviction."[21] Using the categorical approach, the court compares the "scope of conduct covered by the elements of the crime" with the statute's "definition of crime of violence."[22]

Examining the elements of attempted Hobbs Act robbery begins with the statute itself. Hobbs Act robbery is defined as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in

---

[18] *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019).

[19] *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1061 (10th Cir. 2018); *United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019).

[20] *Bowen*, 936 F.3d at 1102 (quoting *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009)).

[21] *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)).

[22] *United States v. O'Connor*, 874 F.3d at 1151 (quoting U.S.S.G. § 4B1.2(a)).

>violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.[23]

The Tenth Circuit has held that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A).[24] This holding remains good law, as the court has confirmed that it was not overruled by *Bowen*, a case central to Defendants' motion.[25]

In three unpublished opinions, the Tenth Circuit has reasoned that "when a completed crime has as an element the actual use of physical force, it stands to reason that *any attempt to commit that completed crime* necessarily has as an element the attempted use of such physical force—thus satisfying the elements clause" of either § 924 or essentially identical portions of other statutes, like 18 U.S.C. § 924(e), known as the Armed Career Criminal Act ("ACCA").[26]

### B.   Attempted Hobbs Act Robbery and § 924: A Circuit Split

While the above suggests the Tenth Circuit would hold that attempted Hobbs Act robbery is a "crime of violence" under § 924(c)'s elements clause, it has not yet directly addressed the question and district courts within the circuit have reached conflicting conclusions.[27] Five

---

[23] 18 U.S.C. § 1951(a).

[24] *Melgar-Cabrera*, 892 F.3d at 1065–66.

[25] *United States v. Jefferson*, 989 F.3d 1173, 1175 (10th Cir. 2021) ("In *Bowen*, we held the federal witness-retaliation statute, 18 U.S.C. § 1513(b), does not qualify as a crime of violence under § 924(c)(3)(A) because it includes witness retaliation through non-violent property damage. Indeed, one can be convicted of § 1513(b) for spray-painting a car. But the same is not true of Hobbs Act robbery. In *Melgar-Cabrera*, we explained that Hobbs Act robbery necessarily entails the use or threatened use of violent force against a person or property. Without violent force, there is no Hobbs Act robbery and no 'crime of violence.' Thus, *Melgar-Cabrera* is undisturbed by *Bowen*." (internal citations omitted)).

[26] *United States v. Neely*, 763 F. App'x 770, 780 (10th Cir. 2019) (emphasis added) (holding that attempted battery qualified as an ACCA predicate under elements clause); *see also United States v. Rinker*, 746 F. App'x 769, 771–72 (10th Cir. 2018) (finding that even if defendant had been convicted of attempted bank robbery under 18 U.S.C. § 2113(a), he would necessarily have attempted to use physical force, triggering § 924(c)'s elements clause); *United States v. Dean*, 724 F. App'x 681, 682 (10th Cir. 2018) (holding that, where armed robbery under state statute qualified as violent felony under ACCA's elements clause, attempted armed robbery under state statute qualifies under ACCA's elements clause).

[27] The Tenth Circuit has noted arguments regarding inchoate Hobbs Act robbery offenses under § 924, but it has not yet had to reach any decisions on the issue. *See United States v. Hill*, 743 F. App'x 241, 245–26 (10th Cir. 2018) (recognizing that appellant raised an argument that conspiracy to commit Hobbs Act robbery failed to satisfy

6

circuits have held, to one degree or another, that attempted Hobbs Act robbery is a § 924(c) crime of violence under the elements test, while one has held that it is not.[28] The Supreme Court has not yet resolved this split. Of these courts, the Eleventh Circuit's opinions, including a dissent from a denial of rehearing *en banc* by Judge Jill Pryor, have had a significant influence on subsequent cases.

In *United States v. St. Hubert* (*St. Hubert II*), the defendant, Michael St. Hubert, pled guilty to two counts of using, carrying, and possessing a firearm during, in relation to, and in furtherance of a crime of violence under § 924(c).[29] For these charges, the predicate crime of violence was Hobbs Act robbery for one count and attempted Hobbs Act robbery for the other.[30] St. Hubert appealed, challenging his convictions as unlawful by arguing that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. The Eleventh Circuit held that St. Hubert's convictions were valid regardless of whether a court used the categorical approach or the residual clause to determine whether Hobbs Act robbery and attempted Hobbs Act robbery were qualifying predicate crimes of violence.[31] These were independent, alternative bases for its holding affirming St. Hubert's convictions.[32]

---

§ 924(c)(3)(A), but declining to consider the merits of the argument as the relevant predicate offense was a completed Hobbs Act robbery).

[28] The Third, Sixth, Seventh, Ninth, and Eleventh Circuits have reached an affirmative determination, while the Fourth Circuit has held that attempted Hobbs Act robbery does not satisfy the § 924(c) categorical test as a crime of violence.

[29] 909 F.3d 335 (11th Cir. 2018). The Eleventh Circuit issued this opinion after *sua sponte* vacating an earlier opinion. *See United States v. St. Hubert*, 883 F.3d 1319 (11th Cir. 2018). The holdings of the two opinions are essentially identical, and the panel vacated the earlier decision in order to update it following an *en banc* rehearing of a case on which the panel strongly relied. *See St. Hubert II*, 909 F.3d at 337 (citing *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018)).

[30] *St. Hubert II*, 909 F.3d at 338.

[31] *Id.* at 345–53. The Eleventh Circuit's residual clause holding was later superseded by the Supreme Court's *United States v. Davis* decision, which held that the residual clause was unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019).

[32] *St. Hubert II*, 909 F.3d at 353.

With respect to its analysis of attempted Hobbs Act robbery under the elements clause, which the Eleventh Circuit labeled the "risk-of-force" clause, the court held that, "[l]ike completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force."[33] A critical concept for the court's analysis was that (1) a defendant must intend to commit every element of the completed crime in order to be guilty of attempt, and (2) "an attempt to commit a crime should be treated as an attempt to commit every element of that crime."[34] Application of this principle led the court to conclude that "a completed Hobbs Act robbery itself qualifies as a crime of violence under § 924(c)(3)(A) and, therefore, attempt to commit Hobbs Act robbery requires that St. Hubert intended to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner."[35] The court's ultimate conclusion, which extended beyond Hobbs Act robbery, was that "an attempt to commit a crime should be treated as an attempt to commit every element of that crime" and thus, "when a substantive offense qualifies as a violent felony under [§ 924(c)'s elements clause], an attempt to commit that offense also is a violent felony."[36]

After the Supreme Court found the § 924(c)(3)(B) residual clause was unconstitutionally vague in *Davis*, the Eleventh Circuit denied an *en banc* rehearing of the *St. Hubert II* decision.[37] Atypically, the denial of rehearing *en banc* included three concurrences and three dissents.

---

[33] *Id.* at 351 ("[B]ecause the taking of property from a person against his will in the forcible manner required by [18 U.S.C.] § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same forcible manner must also include at least the 'attempted use' of force.").

[34] *Id.* at 352.

[35] *Id.*

[36] *Id.* (quoting *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017)).

[37] *United States v. St. Hubert* (*St. Hubert III*), 918 F.3d 1174 (2019), *cert. denied*, 140 S. Ct. 1727 (2020).

8

While some of these six attached opinions primarily discuss procedural and institutional concerns related to successive 18 U.S.C. § 2255 applications and establishing published precedent, there is also considerable disagreement regarding the circuit's precedent on attempt crimes qualifying as § 924(c) crimes of violence.[38] Most notably, Judge Jill Pryor's dissent stated, with respect to the aspect of the earlier *St. Hubert II* decision pertaining to attempted Hobbs Act robbery qualifying under § 924(c)'s elements clause as a crime of violence, that "the opinion made two right turns before it took a wrong turn, but the wrong turn led to a logical and legal dead end."[39] Judge Pryor agreed with the earlier decision insofar as it concluded that § 924(c)'s elements clause does not require actual use of force, Hobbs Act robbery qualified as a crime of violence, and an attempt to commit Hobbs Act robbery required someone to intend to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner.[40] Judge Pryor disagreed with the court's ultimate conclusion, however, contending that the court had conflated intent to commit each element with an attempt to commit each element and that the elements of an inchoate offense like attempt did not include actually attempting each element of the completed offense, but only an overt act in furtherance of the offense.[41] The

---

[38] *See id.* at 1174–83 (Tjoflat, J., concurring) (discussing court's procedures and history related to § 2255 habeas relief and successive applications for habeas relief); *id.* at 1183–90 (William Pryor, J., concurring) (discussing the finality of appeals and the value of judicial economy with respect to collateral challenges); *id.* at 1190–96 (Jordan, J., concurring) (concurring with the denial of rehearing *en banc*, but identifying concerns with publishing cases denying successive applications for collateral relief); *id.* at 1196–99 (Wilson, J., dissenting) (disputing holding in *St. Hubert II* that published orders denying successive applications for habeas relief are binding on other panels of the Circuit); *id.* at 1199–1210 (Martin, J. dissenting) (discussing problems with the Circuit's procedures and standards regarding successive applications for habeas relief); *id.* at 1210–13 (Jill Pryor, J. dissenting) (disputing *St. Hubert II*'s approach to attempt crimes as § 924(c) predicate offenses).

[39] *Id.* at 1211 (Jill Pryor, J., dissenting).

[40] *Id.*

[41] *Id.* at 1211–12.

9

Eleventh Circuit has since favorably cited *St. Hubert II*, although Judge Jill Pryor referenced her dissent in a concurrence.[42]  *St. Hubert II* remains the law in the Eleventh Circuit.

Other circuit courts have agreed with the holding of *St. Hubert II*.  The Seventh Circuit, relying in part on the *Hill v. United States* opinion cited in *St. Hubert II*, held in *United States v. Ingram* that attempted Hobbs Act robbery qualifies as a § 924(c) predicate crime of violence.[43]  The Ninth Circuit, citing *Ingram* and *St. Hubert II*, stated that "like the two other circuit courts that have considered the question, we hold that when a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence."[44]  The Ninth Circuit asserted that it was irrelevant whether the substantial step taken in furtherance of the Hobbs Act robbery necessary for an attempt conviction actually involved violence, as attempting to commit Hobbs Act robbery was necessarily an attempt to use the violent force intrinsic to Hobbs Act robbery.[45]  The Sixth Circuit, declining to address the question more directly, held that it was not plain error for a district court to find that attempted Hobbs Act robbery was a § 924(c) predicate crime of violence, citing *Hill* and *St. Hubert II*, while also drawing attention to the lone circuit court to explicitly hold that attempted Hobbs Act robbery was not a § 924 predicate crime of violence.[46]

---

[42] *See United States v. Paul*, No. 18-15209, 2019 WL 11892154, at *2–3 (11th Cir. Apr. 16, 2019); *id.* at *3 (Jill Pryor, J., concurring); *see also United States v. McCant*, 805 F. App'x 859, 861–63 (11th Cir. 2020) (recognizing that *St. Hubert II*'s § 924(c) elements clause holding was still good law in the Eleventh Circuit).

[43] 947 F.3d 1021, 1026 (7th Cir. 2020).

[44] *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).  The Fifth circuit has also adopted this broad principal, although it has not yet specifically held that attempted Hobbs Act robbery qualifies as a § 924(c) predicate crime of violence.  *See United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020).

[45] *Dominguez*, 954 F.3d at 1255.

[46] *United States v. Clancy*, 979 F.3d 1135, 1140–41 (6th Cir. 2020).

To date, the Fourth Circuit is the only circuit court to hold "that attempted Hobbs Act robbery is not categorically a 'crime of violence.'"[47] In *United States v. Taylor*, the court observed, "The Government may obtain a conviction for attempted Hobbs Act robbery by proving that: (1) the defendant specifically intended to commit robbery by means of a threat to use physical force; and (2) the defendant took a substantial step corroborating that intent. The substantial step need not be violent."[48] An attempted Hobbs Act robbery may only be an attempt to threaten to use physical force and not an actual attempt to use physical force, rendering it not a predicate "crime of violence" under § 924(c).[49] The opinion directly challenged the *Dominguez*, *Ingram*, and *St. Hubert II* holdings discussed above, firmly asserting that some crimes of violence, like Hobbs Act robbery, can be accomplished with a mere threat of force, and, for an corresponding inchoate offense, an attempted threat to use force is not sufficient to satisfy § 924(c).[50]

Recently, the Third Circuit weighed opinions on both sides of the question at issue here. The opinion laid out the history of the issue from *Hill* through *St. Hubert II*, *Dominguez*, and *Taylor*.[51] The Third Circuit, after noting that the appellant relied on Judge Jill Pryor's *St. Hubert III* dissent, agreed with the majority view that "§ 924(c) does categorically encompass attempted Hobbs Act robbery. We think it apparent that Congress meant for all attempted crimes of violence to be captured by the elements clause of § 924(c), and courts are not free to disregard that direction and hold otherwise."[52] The appropriate definition of "attempt" was critical to the

---

[47] *United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020).

[48] *Id.* at 208

[49] *Id.*

[50] *Id.* at 209.

[51] *United States v. Walker*, 990 F.3d 316, 326–28 (3d Cir. 2021).

[52] *Id.* at 328.

11

Third Circuit's opinion, as the court determined that, in its technical use as a term of art in criminal law, the term encompasses both an intent to commit all elements of a completed offense and also a substantial step in furtherance of that offense, rather than a mere failure to complete an act.[53] Further, the court found that the "attempted use" segment of § 924(c) encompasses attempts of crimes of violence, and that fidelity to congressional intent compelled agreement with the majority position.[54]

### C.   Decisions Within the Tenth Circuit

Hobbs Act robbery is unquestionably a § 924(c) predicate offense in the Tenth Circuit.[55] As noted earlier, the Tenth Circuit has not yet decided whether attempted Hobbs Act robbery constitutes a § 924(c) predicate offense.[56] There is no controlling decision within the District of Kansas either, although one judge has posited that the Tenth Circuit would take the majority view[57] and another contended, citing *Ingram*, that attempted Hobbs Act robbery was a crime of violence, although this was not an essential part of the court's opinion.[58]

Districts within the Tenth Circuit are split. The Northern and Western Districts of Oklahoma have adopted the majority view,[59] while the District of New Mexico, adopting the

---

[53] *Id.* at 329.

[54] *Id.* at 329–30 ("It seems abundantly clear that, by adding 'attempted use' to the elements clause, Congress was not inviting us to engage in the casuistry so often associated with the categorical approach and to thereby read those same words out of the statute.  The elected lawmakers wanted to categorically include attempt crimes in the statutory definition, and they said so plainly.").

[55] *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018).

[56] *United States v. Kayarath*, 822 F. App'x 786, 791 (10th Cir. 2020) (declining to "address the district's court's alternative ruling that attempted Hobbs Act robbery does not constitute a crime of violence under § 924(c)").

[57] *United States v. Rayford*, No. 09-20143, 2020 WL 5369407, at *2 (D. Kan. Sept. 8, 2020) ("In short, the court has little doubt that the Tenth Circuit, if faced with the issue, would conclude that defendants' attempted bank robbery convictions remain viable § 924(c) predicate offenses.").

[58] *United States v. Phoc Nguyen*, No. 94-10129, 2020 WL 4785427, at *1 (D. Kan. Aug. 18, 2020).

[59] *See United States v. Wilson*, No. 20-165, 2020 WL 3966310, at *4 (N.D. Okla. July 13, 2020); *United States v. Crawford*, No. 97-92, 2018 WL 1123879, at *2 (W.D. Okla. Mar. 1, 2018).

reasoning of the Fourth Circuit in *Taylor*, concluded in dicta that "attempted Hobbs Act robbery is not a crime of violence under § 924(c), because a person can take a substantial step without 'the attempted use, or threatened use of physical force against the person or property of another.'"[60] No other court within the Tenth Circuit has ruled on the issue.

## III.  Analysis

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."[61] If these three standards are met, then the indictment "need not go further and allege in detail the factual proof that will be relied upon to support the charges."[62] Importantly, Fed. R. Crim. P. 12(b)(3) authorizes the district court to resolve before trial only those motions "that the court can determine without a trial of the merits."[63] Accordingly, "[i]f contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."[64] To that end, "a court generally is bound by the factual allegations contained within the four corners of the indictment" when ruling on a pretrial motion claiming a defect in an indictment for failure to state an offense.[65]

---

[60] *United States v. Eccleston*, No. 95-0014, 2020 WL 6392821, at *46 (D.N.M. Nov. 2, 2020) (quoting 18 U.S.C. § 924(c)(3)(A)). The court noted that its analysis was unavailing to the defendant, however, because he was convicted of substantive Hobbs Act robbery and its analysis was purely for "the sake of thoroughness." *Id.* at *46, *49.

[61] *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).

[62] *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)).

[63] Fed. R. Crim. P. 12(b)(1).

[64] *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010).

[65] *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003).

"Challenging an indictment is not a means of testing the strength or weaknesses of the government's case, or the sufficiency of the government's evidence."[66] Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."[67] "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."[68] Pretrial dismissal based on undisputed facts is a determination that "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."[69] Dismissal in this manner is the "rare exception," not the rule.[70] Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the defendant could not have committed the offense for which he was indicted.[71] "[D]eciding whether a crime is a 'crime of violence' under § 924(c) is largely a matter of statutory interpretation, a legal task for the judge, not a factual one for the jury."[72]

The Tenth Circuit's analysis of substantive Hobbs Act robbery and § 924(c), as well as its treatment of attempt crimes and § 924 generally, largely forecloses any reasoning along the lines of the Fourth Circuit in *Taylor*. The Tenth Circuit has stated that "[w]ithout violent force, there

---

[66] *Pope*, 613 F.3d at 1259–60.

[67] *Id.*

[68] *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (first citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962); and then citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).

[69] *Id.* (emphasis omitted) (quoting *Hall*, 20 F.3d at 1088).

[70] *Id.* (quoting *Hall*, 20 F.3d at 1088).

[71] *Id.*

[72] *United States v. Jefferson*, 911 F.3d 1290, 1296 (10th Cir. 2018) (first citing *Diamond v. Chakrabarty*, 447 U.S. 303, 315 (1980); and then citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)), *vacated*, 140 S. Ct. 861 (2020).

is no Hobbs Act robbery and no 'crime of violence.'"[73]  Repeatedly, it has confirmed that substantive Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), even after *Davis* did away with the residual clause.[74]  Further, it has stated that "when a completed crime has as an element the actual use of physical force, it stands to reason that any attempt to commit that completed crime necessarily has as an element the attempted use of such physical force—thus satisfying the elements clause."[75]  The Tenth Circuit has unequivocally held that the force involved in Hobbs Act robbery is violent force, so that same force would be associated with attempted Hobbs Act robbery, and both arguments in Defendants' motion are thereby foreclosed.  It thus appears likely that the Tenth Circuit would conclude that any attempted Hobbs Act robbery would be an "attempted use, or threatened use of physical force against the person or property of another."[76]

Consideration of the elements of attempted Hobbs Act robbery further supports this conclusion.  "To prove an attempt, the government must show (1) specific intent to commit the crime, and (2) a substantial step towards completion of the crime."[77]  A substantial step is more than "mere preparation,"[78] and is "an appreciable fragment of a crime and an action of such substantiality that, unless frustrated, the crime would have occurred."[79]  For attempted Hobbs Act robbery, the government must show that the defendant specifically intended to engage in

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of

---

[73] *United States v. Jefferson*, 989 F.3d 1173, 1175 n.1 (10th Cir. 2021).

[74] *See, e.g.*, *United States v. Rojas*, 748 F. App'x 777, 778–79 (10th Cir. 2018); *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018).

[75] *United States v. Neely*, 763 F. App'x 770, 780 (10th Cir. 2019).

[76] 18 U.S.C. § 924(c)(3)(A).

[77] *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019).

[78] *Id.* at 832 (quoting *United States v. Faust*, 795 F.3d 1243, 1248 (10th Cir. 2015)).

[79] *United States v. Smith*, 264 F.3d 1012, 1016 (10th Cir. 2001).

> actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.[80]

The government must also show that the defendant took a substantial step in furtherance of this course of conduct.

The Tenth Circuit has held that each possible mechanism of committing Hobbs Act robbery requires actual, attempted, or threatened violent force.[81] Attempting to engage in such a course of conduct is necessarily an attempt to employ violent force, or, as the Tenth Circuit has otherwise stated, "when a completed crime has as an element the actual use of physical force, it stands to reason that any attempt to commit that completed crime necessarily has as an element the attempted use of such physical force—thus satisfying the elements clause."[82] The considerable conduct needed to be convicted of attempted Hobbs Act robbery, and its close proximity to substantive Hobbs Act robbery, which can itself include the "attempted use of force," underscores the Third Circuit's reasoning in *United States v. Walker* that § 924(c)(3)(A) encompasses attempts of substantive crimes of violence. Attempted Hobbs Act robbery has the requisite element of force for § 924(c)(3)(A) crimes of violence, and that force is violent force.

Defendants rely heavily on *Bowen* to support their contention that attempted Hobbs Act robbery is not a crime of violence, but that reliance is unavailing. Aaron Bowen challenged his conviction for witness retaliation under 18 U.S.C. § 1513(b)(2), and the Tenth Circuit held, applying the categorical approach, that witness retaliation was not a crime of violence under

---

[80] 18 U.S.C. § 1951(b)(1).

[81] *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1061–66 (10th Cir. 2018).

[82] *United States v. Neely*, 763 F. App'x 770, 780 (10th Cir. 2019).

§ 924(c)(3)(A).[83]  Witness retaliation could be completed when someone "causes bodily injury to another person or damages the tangible property of another."[84]  Mere property damage, the Tenth Circuit concluded, such as spray-painting a car, did not rise to the level of violent force required for predicate crimes of violence.[85]  In contrast, Hobbs Act robbery applies when someone "commits or threatens physical violence to any person or property."[86]  There is a stark difference between "damages" and "physical violence," and the use of the term "violence" strongly differentiates Hobbs Act robbery from other offenses, like witness retaliation, which may not be crimes of violence.

While one circuit court has reached a contrary opinion, and some few district courts are following in its wake, this Court agrees with the majority view and there is considerable reason to believe that the Tenth Circuit would also agree with the majority of courts.  Attempted Hobbs Act robbery is a qualifying predicate offense for the § 924 charge in the Indictment.  Accordingly, Defendants have not demonstrated that the Indictment fails as a matter of law for lack of a qualifying predicate crime of violence, and the Court denies their motion to dismiss Count 2 of the Indictment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jorden Brownlee's Motion for Joinder (Doc. 27) is **GRANTED**.  Defendants' joint Motion to Dismiss Count 2 of the Indictment (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

---

[83] *United States v. Bowen*, 936 F.3d 1091, 1096 (10th Cir. 2019).

[84] 18 U.S.C. § 1513(b)(2).

[85] *Bowen*, 936 F.3d at 1108.  Notably, Judge McHugh dissented and asserted that even spray-painting a car, or threatening to do so, "is a crime of violence because it is a threat to use physical force capable of causing injury against the property of another."  *Id.* at 1117 (McHugh, J., dissenting).

[86] 18 U.S.C. § 1951(a).

Dated: April 21, 2021

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE